IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEWIS LIPNICK and LYNN-JANE FOREMAN LIPNICK,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED AIR LINES, INC. and DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT,<br><br>    Defendants.<br>_____/ | No. C 11-2028 CW<br><br>ORDER GRANTING MOTION TO TRANSFER CASE TO THE EASTERN DISTRICT OF VIRGINIA |

INTRODUCTION

Defendants United Air Lines, Inc. and Deutsche Lufthansa Aktiengesellschaft move to transfer this action to the Eastern District of Virginia or, alternatively, to the District of Columbia. Plaintiffs oppose the motion. Having considered the papers submitted by the parties, the Court finds it in the interest of justice to GRANT Defendants' motion to transfer the action to the Eastern District of Virginia.

BACKGROUND

Plaintiff Lewis Lipnick filed his initial action in the Superior Court of California. He asserted claims under the Convention for the Unification of Certain Rules for International Carriage by Air (the Montreal Convention) and alleged negligence against Defendants for injuries he sustained in Munich, Germany, while embarking on United Air Lines Flight 903 destined for Dulles International Airport in Chantilly, Virginia. Defendants removed the case to district court on the basis of diversity and federal

question jurisdiction. Plaintiff Lewis Lipnick's wife, Lynn-Jane Foreman Lipnick, joined the action in the First Amended Complaint, alleging damages for loss of consortium. Plaintiffs are residents of Falls Church, Virginia. Defendants now move under 28 U.S.C. § 1404(a) to transfer the case.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) accords a district court broad discretion with respect to transferring a case. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988) (citing Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955)). In assessing whether to exercise its discretion to do so, a district court considers the following: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interest of justice. Id. The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted pursuant to § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).

2

The burden is on the defendant to show that the convenience of parties and witnesses and the interests of justice require transfer to another district. <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (9th Cir. 1979). The Supreme Court has ruled that a Section 1404(a) analysis should be an "individualized, case-by-case consideration of convenience and fairness." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 622 (1964).

DISCUSSION

Defendants have met their burden to show that the relevant factors weigh in favor of transferring this case to the Eastern District of Virginia.

The convenience of the parties does not merit much consideration here. Plaintiffs have chosen to sue in California, and Defendants are corporations with extensive operations in each forum.

The convenience of the witnesses, however, weighs heavily in favor of transfer. Courts in this district have called "the convenience of witnesses often the most important factor in deciding whether to transfer an action." <u>Getz v. Boeing Co.</u>, 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008); <u>see also</u> <u>Kina v. United Air Lines, Inc.</u>, 2008 WL 5071045, at *6 (N.D. Cal.). All of Plaintiffs' identified witnesses reside in and around the Eastern District of Virginia, and all but one member of the flight crew on United Air Lines Flight 903 are domiciled in the Eastern District of Virginia.

The interest of justice relates to the use of judicial resources, delay to the parties and the interests of the local court. See <u>Pratt v. Rowland</u>, 769 F. Supp. 1128, 1133 (N.D. Cal.

3

1991). Transferring the case to the Eastern District of Virginia, where cases are resolved more quickly than in the Northern District of California, will reduce delay to the parties. Because Plaintiffs are Virginia residents, a Virginia court has a greater interest in resolving this dispute than a California court does. Moreover, it is consistent with the interest of justice to transfer a case when the litigation has not progressed very far, as is the case here. See Unisys Corp. v. Access Co., Ltd., 2005 WL 3157457, at *6 (N.D. Cal.).

The additional Ninth Circuit considerations also favor transfer.

There is no evidence that one forum is more, or less, familiar with the Montreal Convention; and California law does not apply to this case except in a choice-of-law analysis. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 244 n.8 (1981). Although Plaintiffs cite Kruger v. United Air Lines, Inc., 481 F. Supp. 2d 1005 (N.D. Cal. 2007), to support the contention that substantive California law should apply here, it only applied in Kruger because the incident giving rise to that cause of action occurred during a flight between San Francisco, California, and Seattle, Washington.

The plaintiffs' choice of forum, which is normally accorded significant weight, is diminished in importance where the chosen venue neither is the plaintiffs' residence nor has a significant connection to the activities alleged. Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968). The parties' contacts with the respective forums, both generally and in connection with the cause of action, are more closely tied to

4

Virginia than to California.  Plaintiffs are residents of Virginia, and the operative facts occurred while one of them embarked on a flight from Munich, Germany to Chantilly, Virginia.

The availability of compulsory process to compel the attendance of unwilling witnesses favors moving the case to the Eastern District of Virginia.  With rare exception, the Court's subpoena power only extends outside of its district if the place of service is "within 100 miles of the place specified for the depositions, hearing, trial, production or inspection."  Fed. R. Civ. P. 45(b)(2)(B).  All identified witnesses lie outside of this Court's reach but within the subpoena power of the Eastern District of Virginia.

While ease of access to documentary information may be the same between the two forums, moving the case to the Eastern District of Virginia allows for easier access to witness testimony.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer the case to the Eastern District of Virginia is GRANTED.

IT IS SO ORDERED.

Dated:                                    _____
                                          CLAUDIA WILKEN
                                          United States District Judge

5